**[21, 23, 24, 27, 28, 29, 36, 37, 40]**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERTA L. STONEHILL, | : | |
| Plaintiff, | : | Civil Action No. 06-cv-5435 (FLW) |
| v. | : | |
| MARK W. EVERSON et al., | : | **ORDER** |
| Defendants. | : | |

**WOLFSON, United States District Judge**

This matter having been opened to the Court by Beatriz T. Saiz Esq., on behalf of Defendant Mark W. Everson ("Everson"), the Commissioner of the Internal Revenue Service, on a Motion to Dismiss Defendant Everson, based upon sovereign immunity; it appearing that this matter was referred to the Honorable Tonianne J. Bongiovanni, U.S.M.J., pursuant to 28 U.S.C. § 636(b)(1), for a Report and Recommendation; and Magistrate Judge Bongiovanni having considered the moving, opposition, and reply papers pursuant to Fed.R.Civ.P. 78; and for the reasons stated in her Report and Recommendation, finding that "no transcript or other evidence suggests that Defendant Everson waived [sovereign] immunity," and recommending to this Court that Defendant Everson's Motion to Dismiss himself as a defendant pursuant to Fed R. Civ. P. 12(b)(1) be granted; and it further appearing that on February 19, 2008 pro se Plaintiff Roberta L.

Stonehill ("Stonehill"), filed an objection to Magistrate Judge Bongiovanni's Report and Recommendation, pursuant to L. Civ. R. 72.1(c)(2); and this Court, having considered the record developed before Magistrate Judge Bongiovanni and Plaintiff Stonehill's Objection, finds that: (1) Defendant Everson is entitled to, and did not, waive sovereign immunity; (2) Plaintiff's Cross Motion for Rule 11 Sanctions against Defendant is without merit because its Motion to Dismiss Defendant Everson is not frivolous; (3) Plaintiff is not entitled to a complete copy of the June 22, 2007 Transcript, but may request a transcript at her own cost pursuant to L. Civ. R. 80.1, and indeed, it is Plaintiff's obligation, pursuant to L. Civ. R. 72.1(c)(2), to include a copy of the relevant parts of the transcript if she relies thereon in her Objections; (4) Plaintiff's discovery requests as they pertain to Mr. Everson are denied as moot; and (5) it is unclear whether Plaintiff's remaining discovery requests are ripe for adjudication by Motion due to the confusing nature of Plaintiff's Cross Motion; it is unclear from Plaintiff's Cross Motion whether Plaintiff served formal requests for discovery on the Government, but even if such discovery requests are ripe for adjudication, they are non-dispositive, not appropriate for adjudication in the Report and Recommendation and must be addressed to Magistrate Judge Bongiovanni in the first instance; accordingly, for the reasons stated in the January 30, 2008 Report and Recommendation; and for good cause shown,

**IT IS** on this 27th day of February, 2008,

**ORDERED** that the Court approves and adopts the January 30, 2008 Report and Recommendation of the Honorable Tonianne J. Bongiovanni, U.S.M.J.;

**ORDERED** that the Defendant's Motion to Dismiss Mark W. Everson as a defendant pursuant to Fed. R. Civ. P. 12(b)(1) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Cross Motion for Rule 11 Sanctions is **DENIED**; and it is further

**ORDERED** that Plaintiff's discovery requests as they pertain to Mr. Everson are **DENIED**; and it is further

**ORDERED** that any other requests by Plaintiff for relief regarding discovery matters are not properly before me and therefore Plaintiff's requests for relief in that regard are **DISMISSED**; and it is further

**ORDERED** that a copy of this Order shall be served upon all counsel of record and Plaintiff within seven (7) days of its entry; and it is further

/s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.